OLIVER, Chief Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in the attached schedule for decision upon stipulation, reading as follows:

1. That the merchandise and the issues involved in the appeals for reappraisement enumerated in Schedule "A" hereto attached and made a part hereof are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

2. That at the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the appraised values, less the amounts described on the invoices under the heading "Actual Charges".

3. That the involved merchandise was entered, or withdrawn from warehouse, for consumption on or after February 27, 1958, and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

On the agreed facts, I find export value, as defined in section 402 (b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the values of the merchandise involved and that such values were the appraised values, less the amounts described on the invoices under the heading "Actual Charges."

Judgment will issue accordingly.

(Reap. Dec. 10319)

JOHN A. STEER CO. ET AL. *v.* UNITED STATES

Entry No. 21056, etc.

(Decided August 29, 1962)

*Lawrence & Tuttle* for the plaintiffs.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in the attached schedule for decision upon stipulation, reading as follows:

1. That the merchandise involved in the appeals for reappraisement enumerated in Schedule "A" annexed consists of rubber goods exported from Japan during 1959 and 1960 manufactured by Kohkoku Chemical Industry Co., Ltd.

2. That the merchandise and the issues are the same in all material respects as those involved in *Frank P. Dow Co., Inc., For Account Uni Importing Co. Et Al* v. *United States*, R.D. 10260, and that the record in the cited case may be incorporated in the record herein.

3. That the involved merchandise was entered or withdrawn from warehouse for consumption after February 27, 1958, and is not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956 (T.D. 54521).

4. On or about the dates of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely sold or offered for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade to all purchasers in the principal markets of the country of exportation, such prices including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values.

On the agreed facts and following the decision in the cited case, I find export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the values of the articles involved and that such values were the invoice unit values.

Judgment will issue accordingly.